UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT



No. 95-1881

JOSE AYALA, ET AL.,

Plaintiffs, Appellants,

v.

UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge] 



Before

Selya, Circuit Judge, 

Aldrich and Coffin, Senior Circuit Judges. 



John Ward Llambias on brief for appellants. 
Ana Rosa Biascoechea, Raquel M. Dulzaides, and Jimenez, 
Graffam & Lausell on consolidated brief for appellees. 



January 24, 1996


SELYA, Circuit Judge. This is a hybrid action brought SELYA, Circuit Judge. 

pursuant to section 301 of the Labor Management Relations Act, 29

U.S.C. 185 (1994). In it, the plaintiffs complain that Union

de Tronquistas de Puerto Rico, Local 901 (the Union) acted in

dereliction of its duty of fair representation, and that their

employer, Crowley American Transport, Inc. (Crowley), violated

the collective bargaining agreement (the CBA) that was in effect

at the times relevant hereto. The defendants denied the

plaintiffs' allegations. In due course, the district court

granted the defendants' motion for summary judgment. See Ayala 

v. Union de Tronquistas de P.R., Local 901, C.A. No. 94-2234 

(HL), slip op. (D.P.R. June 16, 1995). The plaintiffs appeal.

We summarily affirm.

There is no need to tarry. Having read the record and

carefully considered the parties' briefs, we find no basis to

disturb the district court's well-reasoned decision. To the

precise contrary, we regard this as a paradigmatic case in which

to put into practice our stated belief that, when "a trial court

has produced a first-rate work product, a reviewing tribunal

should hesitate to wax longiloquent simply to hear its own words

resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 

F.2d 36, 38 (1st Cir. 1993). Consequently, we affirm the

judgment for substantially the reasons elucidated in the opinion

below. We add only three brief comments.

First: The plaintiffs (who are members of Local 901) First: 

urge that they were entitled to seniority rights by

2

classification, and that, therefore, the Union should have

safeguarded them against being "bumped" from their laborers' jobs

by non-laborers with greater company-wide seniority. This

exhortation is unavailing. While the CBA is admittedly ambiguous

on the key point of what sort of seniority (company-wide or in-

classification) prevails in respect to laborers' positions, past

practice over many years the so-called law of the shop makes

it transpicuously clear that the most plausible reading of the

CBA favors company-wide seniority as the appropriate measure.1

In this situation, the law of the shop controls. See United 

Steelworkers v. Warrior & Gulf Navig. Co., 363 U.S. 574, 580 

(1960).

Second: In all events, disaffected employees do not Second: 

possess an absolute right to have their union shepherd a

complaint through the grievance process to the bitter end. "In

the context of employee grievances, the duty of fair

representation is not a straitjacket which forces unions to

pursue grievance remedies under the collective bargaining

agreement in every case where an employee has a complaint against

the company. . . . A union is accorded considerable discretion

in dealing with grievance matters, and it may consider the

interests of all its members when deciding whether or not to

press the claims of an individual employee." Seymour v. Olin 

Corp., 666 F.2d 202, 208 (Former 5th Cir. 1982). Put another 
 

1It is worthy of note that several of the plaintiffs were
themselves, on earlier occasions, beneficiaries of the
interpretation that they now strain to repudiate.

3

way, a union, caught in the middle between dueling employees, is

not obliged to throw some union members to the wolves merely to

placate others.

In this case, the Union offered to process a grievance

that presented both sides of the story. The plaintiffs asked to

have this proposed grievance withdrawn. They sought to

substitute in its place a grievance containing a one-sided

presentation and adamantly insisted that the Union embrace this

version. Understandably, the Union declined to do so. The

undisputed facts reveal that the Union acted reasonably both in

offering to press a balanced grievance and in refusing to grieve

on the plaintiffs' terms. No more is exigible. See, e.g., Vaca 

v. Sipes, 386 U.S. 171, 190-91 (1967); De Arroyo v. Sindicato de 

Trabajadores Packinghouse, 425 F.2d 281, 284 n.2 (1st Cir.), 

cert. denied, 400 U.S. 877 (1970). 

This observation leads directly to a further

observation. Vaca teaches that, even if a union misconstrues the 

CBA, its misconstruction, simpliciter, does not constitute a 

breach of its duty of fair representation. See Vaca, 386 U.S. at 

190. There is no breach unless the union's "conduct toward a

member of the collective bargaining unit is arbitrary,

discriminatory or in bad faith." Id.; accord Air Line Pilots 

Ass'n v. O'Neill, 499 U.S. 65, 67 (1991); Alicea v. Suffield 

Poultry, Inc., 902 F.2d 125, 130 (1st Cir. 1990). In this 

instance, no rational factfinder could conclude that the Union

crossed that line.

4

Third: The plaintiffs' case against Crowley is no more Third: 

robust than their case against the Union. In point of fact, the

inadequacy of the plaintiffs' claim against the Union presages

the inadequacy of their claim against Crowley. In order to

excuse their failure to exhaust contractual remedies in the

conventional manner and prevail in a hybrid section 301 action on

a theory that the employer violated the CBA, disgruntled

employees must first prevail on their unfair representation

claim. See Breininger v. Sheet Metal Workers Int'l, 493 U.S. 67, 

82 (1989); DelCostello v. International Bhd. of Teamsters, 462 

U.S. 151, 164-65 (1983); Chaparro-Febus v. International 

Longshoremen Ass'n, Local 1575, 983 F.2d 325, 330 (1st Cir. 

1992). Failing in the first instance, the plaintiffs also fail

in the second instance.

Mindful, as we are, of the district court's more

exegetic treatment of these (and other) matters, we need go no

further. The judgment below is summarily affirmed. See 1st Cir. 

R. 27.1.

Affirmed. Affirmed. 

5